James E. **LEWISOHN**

v.

**STATE of Maine.**

Supreme Judicial Court of Maine.

Argued June 17, 1981.

Decided June 30, 1981.

Bernstein, Shur, Sawyer & Nelson, Peter J. Rubin (orally), Portland, for plaintiff.

Charles K. Leadbetter, William R. Stokes (orally), Asst. Attys. Gen., Augusta, for defendant.

Before McKUSICK, C. J., and WERNICK and ROBERTS, JJ., and DUFRESNE, A. R. J.

PER CURIAM.

On February 10, 1981, a single justice of the Supreme Judicial Court granted petitioner Lewisohn's application for a writ of habeas corpus on the ground that he had originally been denied a fair trial. The State filed a timely appeal and the petitioner cross-appealed. Thereafter, petitioner moved to be released on bail pending the State's appeal, and on May 23, 1981, the same single justice denied that bail motion. In this opinion we consider only petitioner's appeal from that decision denying bail.[1] We affirm.

This appeal from the denial of bail raises a single question of law, namely, the construction of the provision of our Post-Conviction Review Act (15 M.R.S.A. ch. 305–A) permitting the hearing justice to release the petitioner on bail pending an appeal to the Law Court when "release is appropriate." That provision, appearing as the last sentence of 15 M.R.S.A. § 2130 (Supp.1980),[2] reads as follows:

> When relief [on a petition for post-conviction review] is granted to the petitioner and release is appropriate, the justice may release a petitioner on bail pending the proceedings [appeal to the Law Court] specified in section 2131.

The court below held that section 2130, by restricting admission to bail in post-conviction review appeals to situations where "release is appropriate," incorporated the limitation of bail to "bailable offenses" as defined in *Fredette v. State*, Me., 428 A.2d 395, 406 (1981), and that since petitioner stands convicted of the offense of murder, the court was without power to admit him to bail under the Post-Conviction Review Act. Although review of a ruling on bail pending appeal is normally available only

1. This bail appeal was briefed and heard in oral argument on an expedited schedule. The main appeal, which was argued before the Law Court jointly with this bail appeal, is now pending before the court.

2. 15 M.R.S.A. § 2130 provides in full:
   § 2130. Relief
   If the court determines that relief should be granted, it shall order appropriate relief, including: Release from incarceration or other restraint; reversal of the criminal judgment, including one entered upon a plea of guilty or nolo contendere; entry of judgment for a lesser included offense; reversal of another order or decision, with or without affording the State or other party a new hearing; granting the right to take an appeal from the criminal judgment; correction of errors appearing as a matter of record; resentencing or a new sentence; and entry of an order altering the amount of time that a person incarcerated under a sentence has served or must serve. The judgment making final disposition shall be a final judgment for purposes of review by the Law Court. When relief is granted to the petitioner and release is appropriate, the justice may release a petitioner on bail pending the proceedings specified in section 2131.

by application to a single justice of the Supreme Judicial Court pursuant to M.R. Crim.P. 46A(b), the case at bar presents a novel and important question of law requiring a prompt and final resolution. That special circumstance justifies the Law Court's exercising the jurisdiction granted it by 4 M.R.S.A. § 57 (1979) and 15 M.R.S.A. § 2115 (1980).

We do not reach the question posed and decided by the hearing justice. In this case, denial of bail was mandated for a different reason. On its face, section 2130 imposes a condition for granting bail pending appeal that was not satisfied by the relief granted by the justice's February 10th judgment. Regardless whether section 2130 by the clause "when . . . release is appropriate" imports the "nonbailable offense" restriction, that clause at the very least limits release on bail to situations where the nature of the particular post-conviction relief granted makes bail appropriate. For example, the relief granted to a post-conviction petitioner may, by an express illustration given in section 2130, be merely "entry of an order altering the amount of time that a person incarcerated under a sentence . . . must serve"; in that instance, release on bail pending the State's appeal from such a post-conviction review judgment would not be appropriate. On the other hand, if the relief granted to a petitioner was outright "[r]elease from incarceration or other restraint," release on bail pending the State's appeal would, on its face at least, not be inappropriate to that relief.

The relief granted to petitioner Lewisohn was not an outright release from incarceration. On the contrary, the hearing justice ordered his release from custody *only if* the State did not "cause him to be retried [on the indictment on which he was convicted] within ninety (90) days." Since the State's appeal stayed the running of the 90-day period, M.R.Civ.P. 62(e), that condition precedent to his relief has not yet been satisfied. In view of the still conditional nature of the relief given petitioner in the Superior Court, release on bail pending appeal to the Law Court is not available to him under section 2130. His release on bail

pending appeal is plainly not appropriate to the relief so far obtained by him in the post-conviction review proceedings.

The entry shall be:

Denial of motion for bail affirmed.

All concurring.